**BC**

**FILED**
7/6/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MPV

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Emanuela Barzi, an individual | ) | |
|     Plaintiff, | ) | Case No. 25-CV-09247 |
| | ) | |
|     v. | ) | Honorable Virginia M. Kendall, |
| | ) | District Judge |
| Fermi Research Alliance, LLC et al., | ) | |
|     Defendants. | ) | Magistrate Judge Beth W. Jantz |
| | ) | |

---

### PLAINTIFF'S RESPONSE IN PARTIAL OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND FOR LEAVE TO FILE AN ENLARGED OMNIBUS BRIEF

Plaintiff Dr. Emanuela Barzi, pro se, respectfully submits this response in partial opposition to Defendants' Motion for an Extension of Time to Answer or Otherwise Respond to Plaintiff's Second Amended Complaint ("SAC") and for Leave to File an Enlarged Omnibus Brief. Plaintiff does not oppose a reasonable extension through July 30, 2026. Plaintiff objects to Defendants' requested extension through August 14, 2026.

1. Defendants seek to extend their July 16, 2026 response deadline by nearly one month, until August 14, 2026. Plaintiff does not dispute that Defendants may seek a reasonable extension of time under Rule 6(b). Plaintiff objects only to the length of the requested extension and to Defendants' failure to make a specific showing justifying an extension through August 14, 2026.

2. Defendants' stated reasons are generic. Defendants cite the length and complexity of the SAC, the number of claims and defendants, the need to assess new or supplemented allegations, and the need to coordinate among nine represented parties. Those circumstances were known or foreseeable when the Court set the response deadline. Defendants have not identified any specific new issue requiring an extension of nearly one month.

3. The SAC does not present a new case. It arises from the same employment relationship, same termination, same principal defendants, same administrative history, same prior pleadings, and same factual core already known to Defendants and previously briefed in connection with Defendants' prior motion to dismiss. Plaintiff did not use the SAC to add

a new standalone count beyond the counts pleaded in the case. Many of the added allegations clarify, reorganize, supplement, or strengthen claims and theories already pleaded or already addressed in the Court's prior ruling, including the § 1981 theory.

4. Defendants also overstate the novelty of the SAC by stating that it "adds a Section 1981 claim based on Italian ancestry and ethnicity." The First Amended Complaint already asserted a § 1981 theory in Count X based on Italian ethnicity and ancestry. The Court's May 1, 2026 Memorandum Opinion and Order likewise recognized that Plaintiff had asserted a § 1981 claim based on Italian ancestry and ethnicity and dismissed that claim without prejudice for insufficient causation allegations, not because the claim was new or absent. The SAC clarifies, reorganizes, and supplements the § 1981 allegations in response to the Court's ruling; it does not introduce a new § 1981 claim requiring a nearly one-month extension.

5. Defendants are represented by multiple counsel from a large law firm and have been familiar with the claims, parties, administrative history, and factual background for many months. A reasonable extension through July 30, 2026 provides adequate additional time while avoiding unnecessary delay.

6. Nor should Defendants' request be viewed in isolation. Although Defendants state that this is their first request for an extension to answer or otherwise respond to the SAC, the procedural history shows that Defendants previously sought and received extensions in connection with their prior omnibus response/motion to dismiss the First Amended Complaint. Based on the summons deadlines, Defendants' original responses were due between November 4 and November 18, 2025. Defendants then moved at Dkt. 20 to extend their omnibus response deadline to December 22, 2025, and later moved at Dkt. 26 for a further extension to January 12, 2026; both extensions were granted.

7. Defendants also rely on the fact that Plaintiff was granted an extension to file her SAC. That comparison omits critical context. Plaintiff is proceeding pro se and requested additional time in the context of serious medical hardship, including a bilateral mastectomy on February 24, 2026 and reconstructive surgery on June 1, 2026, with related treatment and recovery. Plaintiff's medically necessary extension does not justify a nearly one-month extension for Defendants as a matter of "reciprocity," particularly where Defendants are represented by multiple attorneys and are responding to a pleading arising from the same case history and factual core already litigated in the prior motion-to-dismiss briefing.

8. Plaintiff will be prejudiced by an extension through August 14, 2026. The Court has scheduled a status hearing for August 19, 2026. A response deadline of August 14 would leave Plaintiff only five days to review Defendants' response, evaluate its effect on the

case posture, and prepare meaningfully for the status hearing. Plaintiff is pro se and must review and analyze Defendants' filing without counsel. A July 30 deadline better preserves the usefulness of the August 19 status hearing and allows the parties and the Court to address next steps efficiently.

9. Further delay is also prejudicial because this employment case depends on documents, institutional records, memories, and witnesses, including individual defendants and personnel who may no longer be employed by FRA or FermiForward. Plaintiff does not accuse Defendants of spoliation in this response. But delay in reaching discovery is prejudicial in a case involving years of employment events, changing contractor entities, individual defendants, and former or transitioning personnel.

10. Defendants also request leave to file a single omnibus brief and to enlarge their opening brief to 25 pages. Plaintiff does not oppose consolidated omnibus briefing if the Court determines that such briefing is efficient. Plaintiff also does not oppose a 25-page opening brief provided that Plaintiff is granted an equal page limit for her response and reserves the right to seek additional time or pages if Defendants' motion raises new or unusually complex arguments. Plaintiff's non-opposition to omnibus briefing should not be construed as consent to the August 14 deadline.

11. Plaintiff's partial non-opposition to an extension through July 30, 2026 should not be construed as consent to any further delay, continuance of the August 19 status hearing, postponement of discovery-related scheduling, waiver of Plaintiff's position that further delay is prejudicial, or agreement to any other change in deadlines, claims, defenses, or procedural rights.

WHEREFORE, Plaintiff respectfully requests that the Court grant Defendants, at most, an extension through July 30, 2026 to answer or otherwise respond to the SAC; deny Defendants' requested extension through August 14, 2026; and, if the Court grants Defendants leave to file an enlarged omnibus opening brief, grant Plaintiff an equal page limit for her response and preserve Plaintiff's right to seek appropriate response time or additional pages if warranted.

---

Date: July 6, 2026

Respectfully submitted,
/s/ *Emanuela Barzi*

Emanuela Barzi
Plaintiff, pro se
889 Napa Lane
Aurora IL 60502
Telephone: (630) 518 5765
Email: emanuela.barzi@yahoo.com

# CERTIFICATE OF SERVICE

The undersigned certifies that on July 6, 2026, she submitted the foregoing Plaintiff's Response in Partial Opposition to Defendants' Motion for an Extension of Time to Answer or Otherwise Respond to Plaintiff's Second Amended Complaint and for Leave to File an Enlarged Omnibus Brief for filing with the Clerk of Court using the pro se filing portal. Upon docketing, the Court's electronic filing system will send notification of such filing to all counsel of record:

Daniel A. Kaufman
Malin A. Ehrsam
Katarina D. Stockton
MICHAEL BEST & FRIEDRICH LLP
444 West Lake Street, Suite 3200
Chicago, IL 60606
dakaufman@michaelbest.com
malin.ehrsam@michaelbest.com
kdstockton@michaelbest.com
*Counsel for Defendants*

/s/ *Emanuela Barzi*
Pro Se
889 Napa Lane
Aurora, IL 60502
(630) 518-5765
emanuela.barzi@yahoo.com
July 6, 2026